**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Cement Masons, Plasterers and
Shophands Service Corporation,

                Plaintiff,

v.

Wenrich PD Construction, LLC, and
Wendy Sullivan, individually,

                Defendants.

Case No. __0:22-cv-00315____

**COMPLAINT**

---

This is an action pursuant to the Employee Retirement Income Security Act ("ERISA") by a Service Corporation, the assignee of the rights of member funds, collectively referred to as the Minnesota Cement Masons Fringe Benefit Funds, to pursue collection of delinquent employer contributions, owing to the various trust funds.

## COMPLAINT

Plaintiff, for its complaint alleges as follows:

### IDENTITY OF PARTIES, JURISDICTION, VENUE

1.      Plaintiff is the Cement Masons, Plasterers and Shophands Service Corporation (Service Corporation"). The Service Corporation is a non-profit entity, established to serve as the receiving agency and collection agency for its member funds and serves in a fiduciary capacity as the servicing and collection agent. The initial member funds include the Minnesota Cement Masons Health and Welfare Fund, the Minnesota Cement Masons and Plasters Pension Fund, the Minnesota Cement Masons-Plasterers-Shophands Local 633 Savings Trust Fund, and the Minnesota Cement Masons-Plasterers-Shophands Journeyman and Apprentice Training

Fund (collectively, the "Funds"). The Funds are multiemployer, jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and are exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2.      Each of the member Funds assigned to the Plaintiff Service Corporation, the right to receive and collect all amounts due and owing pursuant to the agreements and declarations of trust and any applicable collective bargaining agreement.  The Service Corporation acts as a fiduciary in its capacity as the receiving agent for all contributions.  The member funds specifically authorized the Service Corporation to pursue all legal action for the collection of and the enforcement of any employer's obligations under the agreements and declarations of trust and the collective bargaining agreement, assigning all rights and responsibilities to the Service Corporation.

3.      Plaintiff, and any subsequently appointed successor, serves as fiduciary of the respective Funds and fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21).

4.      Defendant Wenrich PD Construction, LLC, is a Minnesota business corporation. It performs work in and related to the construction industry. Wenrich PD Construction, LLC's address is 2415 Annapolis Lane N, Suite #130, Plymouth, MN 55441.  Defendant is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5.      Wendy Sullivan is an individual residing in Minneapolis, Minnesota and is one of the principals and owners of Defendant Wenrich PD Construction, LLC.  Defendant Sullivan executed the collective bargaining agreement, agreeing to be personally bound and liable for the

obligations under the collective bargaining agreement, including the obligation to properly report all hours covered by the collective bargaining agreement and to pay the amounts owing. Defendant Sullivan is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

6.      This is an action to enforce the rights guaranteed by an agreement between an employer and a labor organization in an industry affecting commerce, in as much as it is an action by the Plaintiff, as fiduciary of the respective Funds to enforce the Funds' rights under the collective bargaining agreement.  Further, this is an action to collect any unpaid fringe benefit contributions determined to be due per the terms of a collective bargaining agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

7.      The trust funds for which the Plaintiff serves as the fiduciary are administered in Dakota County, and therefore, venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## COUNT I
### Failure to Submit Report Forms and Pay Amounts Due

8.      In May 2019, Wendy Sullivan, Wenrich PD Construction, LLC, executed a Collective Bargaining Agreement between the Cement Mason Contractors and the Cement Masons, Plasterers and Shophands Local No. 633 ("2019 CBA").  The effective dates of the 2019 CBA are May 1, 2019 through April 30, 2022.  She also executed a Project Labor

Agreement relating to a State of Minnesota Department of Transportation Project, Project No. 6282-247 (T.H.94) ("PLA").   Per the terms of the PLA, the agreement terminated upon completion of the project.

9.       In executing the 2019 CBA, Sullivan agreed to be personally bound to the obligations under the 2019 CBA.

10.      The Collective Bargaining Agreement requires employers such as Defendants to make fringe benefit contributions to the Funds in accordance with its terms. These contributions must be made on behalf of each bargaining unit employee as defined in the Collective Bargaining Agreement in amounts set forth and agreed upon therein.

11.      The Collective Bargaining Agreement requires employers, such as Defendants, to contribute every month, not later than the 15th day of the following month, such sums for Pension, Health and Welfare, and Vacation, as is designated in the wage schedule of the agreement, as updated from time to time by the Minnesota Cement Masons, for each hour worked by all employees covered by the agreement.

12.      The employer is required to complete a report form with the information as required by the Trustees, identifying each of its employees and each hour worked by that employee during the month performing covered service. The report is required to be submitted with the payment for the amounts due not later than the 15th day of the following month.

13.      Defendants have failed to fully comply with their obligations under the Collective Bargaining Agreement by failing to provide Plaintiff with the report forms and payment for the amounts due for the months of May 2021 through July 2021.   The PLA terminated by the end of July 2021.

14.      Every month, until this matter is resolved either through dismissal or judgment,

the Defendants will be obligated to remit a fringe fund report form as described above, and will

be required to remit payment for the fringe benefit contributions due per the  hours  disclosed.

If the report and / or the payment for the amounts due are not submitted by the 15th day of

the following month, the Defendants will be delinquent for each such month.

### COUNT II
### Damages

15.     Plaintiff realleges and incorporates by reference paragraphs 1 through 14 above.

16.     Plaintiff's damages include the amounts due per the delinquent report forms.

17.     In addition to the fringe benefit contributions due, ERISA § 502, 29 U.S.C. §

1132, provides for an award of interest on the unpaid contributions computed at a rate as

provided in the plan, plus an award of the greater of liquidated damages of 10% of delinquent

contributions as provided for in the Collective Bargaining Agreement or a second award of

interest.

18.     Per the policy adopted by the Trustees, an employer is liable for interest on

delinquent amounts due in the amount of eight percent per annum.

19.     In addition, throughout the litigation of this matter, as set forth above, fringe

benefit reports and payment for fringe benefit contributions will continue to become due. If the

Defendants fail to timely submit a report and / or payment for the fringe benefit contributions

for any subsequent month, the Defendants will be liable to the Plaintiff for an additional 10%

of the fringe benefit contribution amounts disclosed by the Defendants on the report form for

that particular month.

20.     The Collective Bargaining Agreement, the policy adopted by the Plaintiff and

the agreements and declarations of trust under which the trust funds for which the Plaintiff are

trustees are established, specifically provide that an employer, such as Defendant, is required to pay all costs of collection incurred by the Plaintiff, including all attorney fees, costs, and disbursements. The Plaintiff are also entitled to all attorney fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132, as assigned to it through the member funds.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demand judgment, joint and several, of this Court against Defendants Wenrich PD Construction, LLC and Wendy Sullivan as follows:

1.      A judgment for all amounts reported to be due for the months of May 2021 through July 2021.

2.      A judgment in the amount of 10% of the amounts reported to be due for that time period, plus interest at the rate of 8.0% compounded monthly, on all of the unpaid fringe benefit contributions or an award of double interest, if greater.

3.      A judgment for all amounts which become due per the reports which Defendant is obligated to submit throughout this litigation, including an additional 10% of any fringe benefit contribution amounts reported for the liquidated damages, plus interest.

4.      A judgment for the attorney fees and costs incurred by the Plaintiff.

5.      Such other and future relief as the Court deems proper.

Respectfully submitted,

REINHART BOERNER VAN DEUREN S.C.

Dated: February 1, 2022

s/ *Pamela H. Nissen*
Pamela H. Nissen
Attorney ID No. 0259810
80 South Eighth Street, Suite 900
Minneapolis, MN 55402
Telephone: (612) 225-4030
Facsimile: (414) 298-8097
pnissen@reinhartlaw.com

ATTORNEY FOR PLAINTIFFS