UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Cement Masons, Plasterers and Shophands
Service Corporation,

        Plaintiff,

v.

Wenrich PD Construction, LLC, and Wendy
Sullivan, individually,

        Defendants.

File No. 22-cv-00315 (ECT/JFD)

**OPINION AND ORDER**

---

Pamela H. Nissen, Reinhart Boerner Van Deuren S.C., Minneapolis, MN, for Plaintiff
Cement Masons, Plasterers and Shophands Service Corporation.

---

This is an action to enforce the terms of an employee benefit plan administered under the Employee Retirement Income Security Act ("ERISA") and to collect unpaid fringe benefit contributions under a collective bargaining agreement. Plaintiff Cement Masons, Plasterers and Shophands Service Corporation seeks entry of a default judgment against Defendants Wenrich PD Construction, LLC and Wendy Sullivan. ECF No. 12. The Plaintiff alleges that Defendants breached their obligations under their Collective Bargaining Agreement by failing to submit report forms and payment for the months of May 2021 through July 2021. The judgment Plaintiff seeks against Defendants (jointly and severally) would include $9,625.41 for the amount of delinquent contributions owed,

$962.54 in liquidated damages, and $3,156.90 in attorneys' fees and costs.  Jurisdiction

over this action exists pursuant to 29 U.S.C. § 1132(e).  Plaintiff's motion will be granted.[1]

The process for determining whether a default judgment should be entered is

straightforward.  Entry of default means that the "factual allegations of the complaint,

except those relating to the amount of damages, will be taken as true."  10A Mary K. Kane,

*Federal Practice and Procedure* § 2688.1 (4th ed. Apr. 2022 Update) (footnotes omitted).

Thus, it must first be determined whether the taken-as-true factual allegations of the

complaint "constitute a legitimate cause of action, since a party in default does not admit

mere conclusions of law."  *Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) (quoting

*Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010)).  If the taken-as-true allegations of the

complaint constitute a legitimate cause of action, then the amount and other terms of the

default judgment must be ascertained.  *See Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205

F.3d 1040, 1042 (8th Cir. 2000).

To start, the factual allegations in the complaint are accepted as true.  Cement

Masons, Plasterers and Shophands Service Corporation is a non-profit entity, established

to serve as the receiving and collection agency for its member funds in a fiduciary capacity.

Compl. ¶ 1 [ECF No. 1]; 29 U.S.C. § 1002(21).  The member funds include the Minnesota

---

[1]      The Clerk properly entered Defendants' default.  ECF No. 11.  The summons and complaint were served on Defendants' Wenrich PD Construction, LLC and Wendy Sullivan on February 24, 2022, and they have not responded or otherwise appeared.  *See generally*, Docket.  Plaintiff also has served the Court's Order [ECF Nos. 6, 7] and the motion for default judgment and supporting papers on Defendants.  ECF No. 18.  A hearing on the motion was held on September 7, 2022.  ECF No. 20.  Defendant did not appear or otherwise respond.

Cement Masons Health and Welfare Fund, the Minnesota Cement Masons and Plasters Pension Fund, the Minnesota Cement Masons-Plasterers-Shophands Local 633 Savings Trust Fund, and the Minnesota Cement Masons-Plasterers-Shophands Journeyman and Apprentice Training Fund (collectively, the "Funds"). Compl. ¶ 1. The Funds are multiemployer, jointly-trusteed fringe benefit plans created and maintained pursuant to the Labor Management Relations Act Section 302(c)(5), as amended 29 U.S.C. § 186(c)(5), and they are administered in accordance with the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. *Id.*

Employers who execute a Collective Bargaining Agreement ("CBA") with Cement Masons, Plasterers and Shophands Local No. 633 agree to make fringe benefit contributions to the Funds every month and to otherwise comply with ERISA and the terms of the agreement. Each month the employer is required to submit a form that identifies its employees covered by the agreement and the amount of hours worked by each covered employee during that month. ECF No. 16, Ex. A at 11–12. The amount of contributions the employer owes to the Funds is based on that report. *Id.* The report forms and payment are due no later than the 15th day of the following month. *Id.* Additionally, the Funds authorize the Plaintiff to pursue all legal action for the collection and enforcement of any employer's obligations created by the CBA and declarations of trust. Compl. ¶ 2.

In May 2020, Wendy Sullivan, on behalf of Wenrich PD Construction as one of its principals and owners, executed a CBA between the Cement Mason Contractors and the Cement Masons, Plasterers and Shophands Local No. 633. ECF No. 16, Exs. A and B. The CBA is effective from the stated period of May 1, 2020, through April 30, 2023. *Id.*

3

As part of the CBA, Sullivan agreed to be personally and individually bound to the obligations of the CBA.  ECF No. 16, Ex. B.  Article 5 of the CBA explains the employer's obligations regarding its fringe benefit contributions.  ECF No. 16, Ex. A at 11–13.  Contrary to the CBA, Defendants failed to submit the report forms and payment for the months of May 2021 through July 2021.  Compl. ¶ 13.  After the Complaint was filed, Defendants then provided information to the Plaintiff regarding hours worked by Wenrich PD Construction's employees during the months of May 2021 through July 2021.  ECF No. 14 at 3.  Defendants did not provide any corresponding payment to contribute to the Funds for those months.

These taken-as-true allegations constitute a legitimate cause of action under ERISA, where fiduciaries may pursue enforcement of the CBA under 29 U.S.C. § 1132(a)(3).  Here, Plaintiff is a fiduciary pursuing the collection of delinquent employer contributions from Wenrich PD Construction and Wendy Sullivan which were required under the CBA.  Pursuant to 29 U.S.C. § 1145, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement."  Plaintiff's allegations show that Defendants did not fulfill their reporting and payment obligations as required by the CBA and ERISA because they did not submit timely reports or payments.  Compl. ¶ 13.

Plaintiff served the Summons and Complaint on Defendants on February 24, 2022.  ECF No. 5.  After 21 days passed since the Summons and Complaint were served on Defendants and without any appearance by Defendants, an Order was entered directing

4

Plaintiff to notify Defendants that they were required to answer or respond to the Complaint, or to submit a stipulation for an extension of time to answer or respond within 10 days of that Order.  ECF No. 6.  Plaintiff served the notice on Defendants on March 22, 2022.  ECF No. 7.  Defendants responded to this notice via email to Plaintiff and communicated an intention to submit the outstanding amount described in the Complaint. ECF No. 10.  However, Defendants have failed to pay the delinquent amount, and they have not answered or otherwise responded to the Complaint.  The Clerk of Court entered default against Defendants on June 2, 2022.  ECF No. 11.  Plaintiff served the Motion for Default Judgment [ECF No. 12] and supporting documents to Defendants on July 25, 2022. ECF No. 18.  Defendants have failed to respond.

Here, Plaintiff seeks only monetary relief.  *See* ECF No. 12 at 1–2; ECF No. 14 at 5–7.  Though Defendants' liability is established, Plaintiff "must still prove its actual damages to a reasonable degree of certainty" before entry of default judgment.  *Everyday Learning Corp. v. Larson*, 242 F.3d 815, 819 (8th Cir. 2001).  "A district court may determine damages by computing from the facts of record the amount that the plaintiff is lawfully entitled to recover and enter judgment accordingly."  *Radisson Hotels Int'l, Inc. v. Fairmont Partners LLC*, No. 19-cv-1176 (WMW/BRT), 2020 WL 614810, at *2 (D. Minn. Feb. 10, 2020) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)).

Plaintiff has demonstrated to a reasonable degree of certainty that it is entitled to recover actual damages of the unpaid contributions in the amount of $9,625.41.  *See* Compl. ¶ 13; ECF No. 14 at 5–7; ECF No. 16 at 2–3.  The Plan Administrator for the Funds calculated this amount based on the reporting information Defendants provided, which

showed three employees working for a total 323.94 hours.  ECF No. 16, Ex. C.  That number is multiplied by the rate for each fund, totaling $9,625.41 in delinquent contributions due and owing.  *Id.*

Plaintiff also seeks $962.54 in liquidated damages.  In addition to the amount of unpaid contributions, 29 U.S.C. § 1132(g) provides for remedies against delinquent employers including prejudgment interest, liquidated damages that are at least equal to that interest, and attorneys' fees and costs.  The purpose of "these strict remedies [is] to give employers a strong incentive to honor their contractual obligations to contribute and to facilitate the collection of delinquent accounts."  *Laborers Health & Welfare Tr. Fund for N. California v. Advanced Lightweight Concrete Co.*, 484 U.S. 539, 547 (1988).  The CBA states that a delinquent employer is liable for liquidated damages in the amount of 10% of the delinquent contributions determined to be due, which is in accordance with 29 U.S.C. § 1132(g)(2)(C).  ECF No. 16, Ex. A. at 11.  Here, the liquidated damages are $962.54, which is 10% of the total delinquent contributions of $9,625.41.

Finally, Plaintiff also seeks $3,156.90 in reasonable attorneys' fees and costs.  Both the CBA and ERISA, 29 U.S.C. § 1132(g)(2)(D), provide for the award of reasonable attorneys' fees and costs of the action.  The CBA states that "[t]he Delinquent Employer shall also be required to pay all costs of collection actually incurred by the Trust Funds, including all attorney fees . . . ."  ECF No. 16, Ex. A. at 12.  Plaintiff has submitted documentation establishing its entitlement to and the reasonableness of its request for attorneys' fees and costs.  ECF No. 15.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.      Plaintiff Cement Masons, Plasterers and Shophands Service Corporation's Motion for Default Judgment [ECF No. 12] is **GRANTED**;

2.      Plaintiff shall recover from Defendant Wenrich PD Construction and Defendant Wendy Sullivan jointly and severally an award of: [2]

   a. $9,625.41 for delinquent contributions for the months of May 2021 through July 2021;

   b. $962.54 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

   c. $3,156.90 in attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g)(2)(D).

   **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  September 8, 2022                                     s/ Eric C. Tostrud
                                                             Eric C. Tostrud
                                                             United States District Court

---

[2]      In addition to the listed damages here, the Plaintiff also included in the Complaint a request for "interest on delinquent amounts due in the amount of eight percent per annum." 29 U.S.C. § 1132(g)(2)(B) allows for interest on the unpaid contributions. However, the Plaintiff did not mention this or ask for it in its Motion or Proposed Order. The total amount the Plaintiff asks for does not include it either.